**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SEAN JONES,<br><br>Petitioner,<br><br>v.<br><br>LLYDELL SHERRER, et al.,<br><br>Respondents. | Civil No. 04-2888 (WHW)<br><br>**OPINION** |

**APPEARANCES:**

SEAN JONES, #494474B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065
Petitioner pro se

LUCILLE M. ROSANO, Assistant Prosecutor
ESSEX COUNTY PROSECUTOR
Essex County Courts Building
Newark, New Jersey 07102
Attorneys for Respondents

**WALLS**, District Judge

Sean Jones filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Law Division, Essex County. Respondents filed an Answer, arguing that the Petition should be dismissed on the merits. Petitioner filed a Traverse. For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability. See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on March 20, 1989, in the Superior Court of New Jersey, Law Division, Essex County, after a jury convicted him of purposeful murder, unlawful possession of a firearm, and possession of a weapon for an unlawful purpose. The Law Division sentenced Petitioner to an aggregate 50-year sentence, with 30 years of parole ineligibility. Petitioner appealed. In an opinion filed December 6, 1990, the Appellate Division of the Superior Court of New Jersey affirmed the conviction, vacated the sentence, and remanded for resentencing. State v. Jones, No. A-4491-88T4 (App. Div. Dec. 6, 1990). On April 4, 1991, the Supreme Court of New Jersey denied certification. The Law Division resentenced Petitioner to 50 years, with a 30-year period of parole ineligibility.

On July 1, 1991, Petitioner filed his first petition for post conviction relief in the Law Division. On November 21, 1991, the Law Division denied relief. Petitioner appealed, and in an opinion filed January 3, 1995, the Appellate Division reversed and remanded for a complete post conviction relief hearing in the presence of Petitioner. After conducting an evidentiary hearing, on November 20, 1996, the Law Division opinion denied relief. Petitioner appealed, and on December 18, 1998, the Appellate Division affirmed. State v. Jones, No. A-2817-96T4 slip op. (App. Div. Dec. 18, 1998). On May 4, 1999, the New Jersey Supreme Court denied certification. State v. Jones, 160 N.J. 475 (table).

On September 13, 1999, Petitioner filed a second petition for post conviction relief in the Law Division. He filed an amended petition on December 15, 1999. On January 4, 2001, the Law Division denied post conviction relief. Petitioner appealed, and on February 24, 2003, the Appellate Division affirmed. State v. Jones, No. A-3279-00T4 slip op. (App. Div. Feb. 25,

2003). The Supreme Court denied certification on July 3, 2003. State v. Jones, 177 N.J. 491 (table).

Petitioner executed the Petition which is now before the Court on May 31, 2004. The Clerk received it on June 18, 2004. The Petition presents four grounds:

> Ground One: THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURORS THAT PETITIONER COULD HAVE BEEN GUILTY AS AN ACCOMPLICE, ONLY OF AGGRAVATED MANSLAUGHTER OR MANSLAUGHTER, ON THE BASIS OF HIS OWN RECKLESS MENTAL STATE, EVEN IF THE PRINCIPAL HAD THE MENTAL STATE FOR MURDER, DEPRIVED PETITIONER OF THE RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL.
>
> Ground Two: PETITIONER WAS PREJUDICIALLY DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, AT TRIAL AND ON DIRECT APPEAL, IN THEIR RESPECTIVE FAILURE TO RAISE THE LESSER INCLUDED OFFENSES OF AGGRAVATED AND RECKLESS MANSLAUGHTER WHEN THERE EXISTED A RATIONAL BASIS FOR THEIR CONSIDERATION.
>
> Ground Three: PETITIONER WAS PREJUDICIALLY DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BASED ON HIS FAILURE TO ADEQUATELY CROSS EXAMINE WITNESSES, TO CONDUCT ANY PRETRIAL INVESTIGATION, AND TO SEE A SEVERANCE IN TRIAL.
>
> Ground Four: THE PREJUDICIAL AND MISLEADING JURY CHARGE RESPECTIVE MOTIVE, ITS ABILITY TO DIRECT A VERDICT AGAINST PETITIONER, AND ITS IMPROPER FOCUS ON PETITIONER'S FAILURE TO TESTIFY IN OWN BEHALF DEPRIVED PETITIONER OF HIS FAIR TRIAL RIGHTS.

(Pet. ¶¶ 12.A. - 12.D.)

The State filed an Answer seeking dismissal of the Petition on the merits. Petitioner filed a Traverse.

## II. STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a

ground for relief.[1] Nor may the Court recharacterize a ground asserted under state law into a federal constitutional claim.[2] "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361,

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits" [3] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

---

[3] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, __, 124 S.Ct. 2140, 2147 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

## III. DISCUSSION

### A. Instructions

In Ground One, Petitioner asserts that the trial court violated due process by instructing the jury that it could find Petitioner guilty as an accomplice on the murder charge. In Ground Four, Petitioner asserts that the instruction on motive was misleading and confusing, and that the instructions unconstitutionally focused the jury's attention on his failure to testify and effectively directed a verdict against Petitioner. The government argues that these grounds involve state law and do not implicate the Constitution and, to the extent that they raise constitutional claims, the instructions did not violate due process or the Fifth Amendment.

Petitioner challenges the no-adverse-inference instruction regarding his right to remain silent on the ground that it improperly emphasized the fact that he elected to remain silent. This claim does not warrant habeas relief, however, because the Supreme Court held in Lakeside v. Oregon, 435 U.S. 333, 338 (1978), that the giving of a protective instruction over the defendant's objection does not violate the privilege against compulsory self-incrimination guaranteed by the Fifth and Fourteenth Amendments. See also Carter v. Kentucky, 450 U.S. 288, 301 (1981). As the Supreme Court explained in Lakeside,

> The very purpose of a jury charge is to flag the jurors' attention to concepts that must not be misunderstood, such as reasonable doubt and burden of proof. To instruct them in the meaning of the privilege against compulsory self-incrimination is no different. It may be wise for a trial judge not to give such a cautionary instruction over a defendant's objection. And each State is, of course, free to forbid its trial judges from doing so as a matter of state law. We hold only that the giving of such an *341 instruction over the defendant's objection does not violate the privilege against compulsory self-incrimination guaranteed by the Fifth and Fourteenth Amendments.

Lakeside, 435 U.S. at 340-341.

Petitioner also challenges the instruction on motive and the instruction on accomplice liability. However, a habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions" or demonstrate that the jury "instructions deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). As the Third Circuit explained,

> In considering whether this case involves a claim of error under the Constitution, laws, or treaties of the United States, it is critical to remember that the Supreme Court has made it clear that the states define the elements of state offenses. Accordingly, while there may be constitutionally required minimum criteria which must be met for conduct to constitute a state criminal offense, in general there is no constitutional reason why a state offense must include particular elements. *See McMillan v. Pennsylvania,* 477 U.S. 79, 84-86, 106 S.Ct. 2411, 2415-16, 91 L.Ed.2d 67 (1986).
>
> It thus follows that for the error of state law in the justification instructions, assuming that there was an error, to be meaningful in this federal habeas corpus action, there would have to be a body of federal law justifying the use of deadly force which is applicable in a state criminal action charging an offense based on the defendant's use of that force. Then the error in the jury instructions would be significant if the instructions did not satisfy that body of law. Put in

> a different way, the jury instructions on justification, even if correct under state law, would need to have relieved the state of the necessity of proving an element of the offense as required by federal law or to have deprived the petitioner of a defense the state had to afford him under federal law in order to be significant in a federal habeas corpus action. If we concluded that a petitioner could obtain habeas corpus relief without making such a showing, then district courts in habeas corpus cases would sit as super state supreme courts for the purpose of determining whether jury instructions were correct understate law with respect to the elements of an offense and defenses to it.

Johnson, 117 F.3d at 110.

Petitioner does not point to a federal requirement that jury instructions on the elements of an offense must include particular provisions regarding motive and accomplice liability, nor does he show that the instructions given by the trial court deprived him of a defense which federal law provided to him. Id. at 111. Moreover, Petitioner cites no Supreme Court authority for the proposition that the jury instructions violated a clearly established federal right, as determined by the Supreme Court. He is therefore not entitled to habeas relief on Grounds One and Four.

B. Ineffective Assistance of Counsel

In Grounds Two and Three, Petitioner argues that trial counsel was constitutionally ineffective in failing to request instructions on the lesser included offenses of aggravated and reckless manslaughter, failing to inadequately cross examination adverse witnesses, failing to request a severance of his trial from that of his co-defendant's, and failing to conduct any pretrial investigation.

The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. See Strickland v. Washington, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to

require reversal of a conviction has two components, both of which must be satisfied. Id. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id. Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In this case, the Appellate Division determined that counsel's failure to request instructions on the lesser included offenses of aggravated and reckless manslaughter was not constitutionally ineffective because "[t]he trial evidence did not provide a rational basis for a manslaughter charge." State v. Jones, No. A-3279-00T4 slip op. at 5 (App. Div. Feb. 25, 2003). Because the availability and adequacy of the jury instructions were questions of state law, Petitioner's trial "attorney cannot have been ineffective for failing to request an instruction that was unavailable." Carpenter v. Vaughn, 296 F.3d 138, 153 (3d Cir. 2002).

Although the Appellate Division did not explain its rejection of Petitioner's other ineffective assistance of counsel claims, the Law Division, after conducting an evidentiary hearing at which defense counsel testified, held that counsel's conduct during pretrial investigation, his cross examination of witnesses, and his failure to request severance, were not unreasonable based on any objective standard, and would not have affected the outcome of the trial. Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claims

because he has not shown that the adjudication of these claims by the New Jersey courts resulted in a decision that was contrary to, or involved an unreasonable application of, Strickland and its progeny.[4]

C. Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

**IV. CONCLUSION**

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

**WILLIAM H. WALLS, U.S.D.J.**

DATED: 26 April, 2006

[4] The Law Division determined that joinder of Petitioner's trial with his co-defendants did not violate New Jersey law, and it is settled that "joinder of offenses has long been recognized as a constitutionally acceptable accommodation of the defendant's right to a fair trial" under federal law. Herring v. Meachum, 11 F.3d 374, (2nd Cir. 1993); see also United States v. Lane, 474 U.S. 438, 446 n.8 (1986); United States ex rel. Laws v. Yeager, 448 F.2d 74, 82 (3d Cir. 1971); United States ex rel. Evans v. Follette, 364 F.2d 305 (2nd Cir. 1966). Under these circumstances, counsel's failure to move for severance could not have been objectively unreasonable under Strickland.